# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| HOWARD ACKERMAN,<br><br>                         Plaintiff,<br>v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                        Defendants. | Case No. 2:14-cv-00019-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Amend – Dkt. #3)<br>(Mtn for Extension – Dkt. #5)<br>(Mtn to File Surreply – Dkt. #7)<br>(Mtn to Withdraw – Dkt. #8) |

      This matter is before the court on Plaintiff Howard Ackerman's Motion to File Updated Amended Complaint (Dkt. #3), Ackerman's Motion for Extension of Time (Dkt. #5), Defendants Catherine Cortez-Masto, Gregory Cox, Ross Miller, Nevada Department of Corrections ("NDOC"), and Brian Sandoval's Motion for Leave to File Surreply (Dkt. #7), and the Motion to Withdraw as Counsel of Record (Dkt. #8). The court has considered the Motions, Defendants' Response (Dkt. #4), Ackerman's Reply (Dkt. #6), and Defendants' Non-Opposition (Dkt. #9).

      Ackerman is an inmate in the NDOC, and on June 1, 2011, he initiated a lawsuit against various defendants, asserting that they terminated NDOC's kosher meal plan in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). *See* Case No. 2:11-cv-00883-GMN-PAL (the "Kosher Meal Case"). Plaintiff sought leave to file an amended complaint in the Kosher Meal Case to assert retaliation claims against certain defendants. On January 6, 2014, the district judge in the Kosher Meal Case granted Plaintiff's Motion to Amend the Complaint and severed the retaliation claim set forth in count two. *See* Minutes of Proceeding in Kosher Meal Case (Dkt. #286). The district judge directed the Clerk of Court to file the Second Amended Complaint under a new case number. *Id.*

/ / /

The Clerk of Court complied and opened the instant case (the "Retaliation Case"). *See* Minutes of Proceeding (Dkt. #2); Second Amended Complaint (Dkt. #1). On January 9, 2014, Ackerman filed the Motion to Amend the Complaint, seeking to update the complaint to include allegations that he had exhausted his administrative remedies prior to filing the retaliation claim. Defendants filed a limited Opposition (Dkt. #4) noting that Ackerman had not complied with LR 15-1(a) and failed include a copy of the proposed amended complaint. However, Defendants assert that to the extent the amended complaint is the same as the Amended Complaint (11-cv-883, Dkt. #228) filed in the Kosher Meal Case, they do not oppose Plaintiff's request. Ackerman's Reply (Dkt. #6) attaches a copy of the proposed amended complaint.[1] Defendants filed a Motion for Leave to File a Surreply (Dkt. #7), asserting they were deprived of an opportunity to oppose Plaintiff's Motion to Amend because the proposed amended complaint was not attached to the Motion for Leave to Amend as required by LR 15-1(a).

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings and provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A). In all other cases, the court can grant leave to amend a pleading, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This case was initiated when the district judge directed the Clerk to open a new case and file the Second Amended Complaint from the Kosher Meal Case. Although the Kosher Meal Case had been pending for some time, this case was initiated by the filing of the Second Amended Complaint. Three days later, Ackerman sought leave to amend the complaint. The court finds that under Rule 15(a)(1)(A), Ackerman was not required to seek leave to file an amended complaint. He was entitled to file an amended complaint as a matter of course. Even assuming he were not, Rule 15 instructs that leave to amend should be freely granted when justice requires. This is such a case. The district judge instructed this case to be separately opened to adjudicate Ackerman's retaliation claim. To prohibit him from amending his retaliation claim, which the district judge specifically severed from the first case would frustrate

---

[1] Ackerman's Reply was not timely filed. However, he filed an Unopposed Motion to Extend Time (Dkt. #4), which the court will grant.

the purpose of opening this Retaliation Case in the first instance.  Accordingly, Plaintiff's Motion to Amend (Dkt. #3) is granted.  The court will direct the Clerk to file the Amended Complaint, attached as Exhibit 1 to the Motion to Amend (Dkt. #3).  Defendants shall file a responsive pleading no later than **July 31, 2014.**

Finally, Cal J. Potter, III, and C.J. Potter, IV, seek to withdraw as counsel of record for Plaintiff Howard Ackerman.  The Motion represents that counsel represents Plaintiff in this case and in a federal habeas case.  In the course of counsel's post-conviction representation, a conflict has arisen, and counsel must withdraw.  The court accepts counsel's representation that he has a conflict.  Local Rule IA 10-6 provides that "no withdrawal … shall be approved if delay of discovery, the trial or any hearing in the case would result."

Having reviewed and considered the matter,

**IT IS ORDERED**

1. The Motion for Leave to Amend (Dkt. #3) is GRANTED.  The Clerk of Court shall file Plaintiff's Amended Complaint, attached as Exhibit 1 to the Motion for Leave to Amend (Dkt. #3).
2. Defendants shall file a responsive pleading no later than **July 31, 2014.**
3. Plaintiff's Unopposed Motion for Extension of Time (Dkt. #5) is GRANTED.
4. Defendants' Motion to File Surreply (Dkt. #7) is DENIED.
5. The Motion to Withdraw (Dkt. #8) is GRANTED.
6. Plaintiff shall have until **July 31, 2014**, in which to retain new counsel who shall file a notice of appearance in accordance with Local Rules of Practice or to file a statement that he will proceed pro se.
7. Failure to comply with this order may result in recommendation to the district judge for sanctions, including case-dispositive sanctions.

///

///

///

///

3

8. The Clerk of Court shall serve a copy of the Order on Plaintiff at:

    Howard Ackerman #87392
    Lovelock Correctional Center
    1200 Prison Road
    Lovelock, NV 89419

Dated this 30th day of June, 2014.

                                                                            _____
                                                                            PEGGY A. LEEN
                                                                            UNITED STATES MAGISTRATE JUDGE